UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

- against -

ISIDRO RESTREPO PEREZ,

Defendant.

09-CR-629

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

JACK B. WEINSTEIN, Senior United States District Judge:

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the sentencing guidelines referred to in section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

1

On November 17, 2009, Isidro Restrepo Perez plead guilty a single-count indictment, which charged that on June 28, 2009 defendant, an alien who had been deported from the United States after a conviction for the commission of a felony, was found in the United States, without the Secretary of the United States Department of Homeland Security having expressly consented to his applying for admission, in violation of 8 U.S.C. § 1326(a).

Defendant was sentenced on May 13, 2010. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

The court finds the total offense level to be 10 and defendant's criminal history category to be category V, yielding a guidelines range of imprisonment of between 21 and 27 months. The offense carried a maximum term of imprisonment of ten years. 8 U.S.C. § 1326(b)(1). The guidelines range of fine was from $2,000 to $20,000.

Defendant was sentenced to time served and three years' supervised release, to run consecutively with his ongoing supervised release stemming from an unrelated offense. A $100 special assessment was imposed. No fines were imposed because the defendant does not have any assets, and it is unlikely that he will have any in the future to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court imposed a non-guideline sentence under 18 U.S.C. § 3553(a) and *Booker*.

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). The offense of illegal re-entry is a serious one, and defendant has a significant history of prior offenses. Since his arrest he has spent nine months in federal custody, plus two months in the custody of Immigrations and Customs Enforcement. He has a wife and newborn child in Mexico. Violation of supervised release charges remain pending against defendant relating to another offense, distinct from that before the court. Defendant continues to serve the term of supervised release stemming from that separate offense. A sentence of time served and three years' supervised release, to run consecutively with the existing supervised release, reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that illegal reentry into this country will result in a substantial prison sentence. Specific deterrence is achieved through the substantially increased penalties defendant faces if he tries to reenter this country again during supervised release, including the prospect of serving a sentence for the still-pending violation of supervised release. It is unlikely that he will engage in further criminal activity in light of his desire to be reunited and remain with his wife and young child in Mexico.

Jack B. Weinstein
Senior United States District Judge

Dated: May 18, 2010
Brooklyn, New York